UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL,

    Plaintiff,

v.

OFFICER ZIMMERMAN (full name unknown),
OFFICER ORTIZ (full name unknown), WICHITA
POLICE DEPARTMENT,

    Defendants.

Case No. 24-1227-JWB-BGS

ORDER GRANTING MOTION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND
DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on Plaintiff Karen Cahail's Motion to Proceed Without Prepayment of Fees, which requests leave for Plaintiff to proceed *in forma pauperis* (*IFP* motion), along with the contemporaneously filed financial affidavit. (Docs. 3, sealed, and 3-1, sealed.) Plaintiff has also filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed the same, the Court **GRANTS** Plaintiff's *IFP* motion (Doc. 3) but **DENIES** her request for counsel (Doc. 4).

I.    **Motion to Proceed *In Forma Pauperis* (Doc. 3).**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that … the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to

grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in his affidavit of financial status (Doc. 4, sealed), the Court finds that Plaintiff has shown an inability to pay the filing fee and a belief that he is entitled to relief. Thus, the Court grants Plaintiff's motion to proceed without prepayment of fees (Doc. 3).

Because Plaintiff's Complaint (Doc. 1) is the subject of the Court's contemporaneously filed Show Cause Order, the Clerk is instructed not to issue summons for service upon Defendants at the present time. The Clerk is instructed to await further instruction from the Court.

## II.    Request for Counsel (Doc. 4).

As an initial matter, the Court notes there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make

coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff has been given leave to proceed *in forma pauperis* in this case. This weighs in favor of appointing counsel. The second factor relates to the Plaintiff's diligence in searching for counsel. Plaintiff must show that she "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, Plaintiff's motion indicates she has not contacted any attorneys, let alone the requisite five. The Court finds that Plaintiff has not been diligent in her search for counsel, which weighs against her request for appointment.[1]

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Plaintiff has filed a *pro se* Complaint alleging violations of her civil rights and related common law tort claims. (Doc. 1.) As stated in the Court's contemporaneously filed Show Cause Order, there are serious concerns as to the viability of Plaintiff's claims in federal court. Thus, this factor does not weigh in favor of her request for counsel.

---

[1] Plaintiff indicates in her form motion that she has not "checked" with any attorneys because she "ha[s] no money." This is not a valid reason for Plaintiff to have failed to contact any attorneys. The Court notes that attorneys often take cases such as this on a contingency basis while certain attorneys are willing to do so on a *pro bono* basis. In certain situations, the Court would instruct Plaintiff to contact the required number of attorneys. Because the remaining factors, which the Court will now address, do not weigh in favor of appointment of counsel, the Court finds it unnecessary for Plaintiff to contact attorneys regarding representation.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422. The Court understands that Plaintiff believes she has a meritorious claim and deserves an attorney to represent her. This, by itself, however, is not a basis for the Court to appoint an attorney. While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. In other words, although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel. As such, Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees. Given the Court's contemporaneously filed Show Cause Order, the Clerk shall not prepare and issue summons until further notice.

**IT IS FURTHER ORDERED** that Plaintiff's request for counsel (Doc. 4) is **DENIED** for the reasons set forth above.

**IT IS SO ORDERED.**

Dated December 20, 2024, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge