UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL,

    Plaintiff,

v.

OFFICER ZIMMERMAN (full name unknown),
OFFICER ORTIZ (full name unknown), WICHITA
POLICE DEPARTMENT,

    Defendants.

Case No. 24-1227-JWB-BGS

**SHOW CAUSE ORDER REGARDING *PRO SE* COMPLAINT**

Plaintiff Karen Cahail filed this action *pro se*, ostensibly alleging a violation of her civil rights as well as common law tort causes of action for intentional infliction of emotional distress and mental anguish.[1]  In conjunction with her federal court Complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees (*IFP* motion, Doc. 3) and a request for counsel (Doc. 4), both of which the Court addressed by separate Order (Doc. 5).  After review of Plaintiff's Complaint, however, the Court has identified certain concerns, as discussed below.  The Court thus issues this Order directing Plaintiff to file an amended Complaint or show cause to the Court in writing as to why her claims against Defendants should not be dismissed for failure to state a claim upon which relief may be granted.

**I.  Standard of Review for IFP Complaints**

When a Plaintiff proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2).  The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief

---

[1] Although Plaintiff's Complaint does not indicate a federal statutory basis for her claim for an alleged violation of her civil rights (as discussed below), Plaintiff's form Complaint indicates that she presented her claims to the U.S. Department of Justice civil rights division on December 9, 2024.  (Doc. 1, at 8.)

1

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all reasonable inferences from those facts in favor of a plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x. 510, 515 (10th Cir. 2002) (citation omitted). This requires that a complaint contain three minimal pieces of information: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested. Fed. R. Civ. P. 8(a).

Because the Court will liberally construe the pleadings of a *pro se* plaintiff, the Court should

"reasonably read the pleadings to state a valid claim on which the plaintiff could prevail … despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  The Court cannot, however, become an advocate for the *pro se* plaintiff.  *Id.*

A *pro se* Plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)).  "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.  A *pro se* plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]"  *Id.  See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016).  If this Court finds, after construing the allegations in Plaintiff's complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

## II.   Plaintiff's Claims and Factual Allegations

A review of Plaintiff's Complaint in the context of the above legal standards makes the Court question whether Plaintiff has failed to sufficiently plead a viable federal court cause of action.

3

The Court is concerned that Plaintiff has not plead sufficient facts to give Defendants notice of her claims that would enable them to provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe*, 38 Fed. App'x. at 515.

Plaintiff brings suit against Officers Zimmerman and Ortiz (full names unknown) as well as the Wichita Police Department. (*See generally* Doc. 1.) In short, Plaintiff's claims are light on specifics and are hard to comprehend.

Although Plaintiff has not indicated the statutory basis for her federal law claims, she asserts that this Court has subject matter jurisdiction because this case arises from an alleged violation of her civil or equal rights, privileges, or immunities pursuant to 28 U.S.C. § 1343. (*Id.*, at 6.) Generally speaking, Plaintiff alleges that the named Defendants, as well as unnamed individuals ostensibly employed by Defendant Wichita Police Department, did not properly respond to her requests for assistance or properly process the police report she was attempting to make.

Plaintiff alleges that the events giving rise to her claims began with her telephone call to the police nonemergency number on November 14 or 15, 2024, "to report the felony of mistreatment of a dependent adult that lead to [her] son's death."[2] (*Id.*) She does not, however, indicate her son's name. She also fails to provide information as to whether it is her son or another individual who is the alleged dependent adult, how or why this person is classified as a "dependent adult," the manner in which this person was allegedly mistreated, or by whom the individual was mistreated.

Plaintiff seeks $15,000 in damages as a result of alleged "intentional infliction of emotional distress and mental anguish" as well as an unspecified amount of punitive damages. (*Id.*, at 7.) She also seeks an order requiring the unspecified "crimes be fully investigated[.]" (*Id.*)

As mentioned above, Plaintiff has not indicated a statutory basis for her claims, such as 28

---

[2] Plaintiff indicates that she ultimately called 911, also. (*Id.*, at 3.)

4

U.S.C. § 1983.  This must be addressed in an amended Complaint or any response Plaintiff files to this Show Cause Order by setting forth the specific federal statute that is the basis for her civil rights claim.

Further, Plaintiff must then explain how the facts giving right to her claims implicate the relevant statute.  For instance, to the extent she intends to make a §1983 claim against Defendants, she must allege that Defendants deprived her "of a federally protected right and [ ] the person who has deprived her of that right acted under the color of state law."  *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  When suing an individual under § 1983 in their *individual* or *personal* capacity, "the complaint [must] make clear exactly who is alleged to have done what to whom … as distinguished from collective allegations."  *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (citing *Kansas Penn Gaming, L.L.C. v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)).

To the extent Plaintiff is bringing her claims under § 1983, she does not adequately specify what action (or inaction) each Defendant took, nor does she allege sufficient facts supportive of a claim.  Moreover, Plaintiff has set forth no factual matter to suggest that the officer Defendants acted under the color of state law or in their official capacity when violating such right.

In this regard, it is somewhat unclear to the Court whether Plaintiff intends to sue the various unnamed individuals (whose names she either did not get or does not recall) or if she intends to sue the City of Wichita municipality.  (*See generally* Doc. 1, at 3-4.)  The Court notes that Plaintiff has named the Wichita Police Department as a party in the caption of this lawsuit.  That stated, a police department (or other sub-entity) of a municipality such as the City of Wichita is not a suable entity because it "lack[s] a legal identit[y] apart from the municipality."  *Ketchum v. Albuquerque Police Dept.*, 958 F.2d 381 (Table) (10th Cir. 1992).  *See also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)).  To remedy this defect, Plaintiff would need to amend her Complaint to name the City of Wichita as a Defendant, rather

5

than the Police Department, if that is her intention.  *See Shangreaux v. Midwest City Police Department*, 936 F.2d 583 (Table) (10th Cir. 1991).

As for the two (partially) named individual Defendants, Plaintiff's stated allegations lack sufficient factual detail to establish that the individual Defendants deprived Plaintiff "of a federally protected right" and, in so doing, "acted under the color of state law." *Houston*, 932 F.2d at 890. Plaintiff's only factual allegation regarding Defendant Ortiz is that she eventually "got a call back from [him]" and that he gave her a "report number" but "refused to look at the evidence or take it with him." (*Id.*, at 4.)  Plaintiff fails to indicate what this evidence was, though.  Even if Plaintiff identifies the nature of this evidence, it is unlikely that she has provided sufficient factual detail regarding alleged actions or inaction of Defendant Ortiz that would constitute a viable federal court cause of action.

In regard to Defendant Zimmerman, Plaintiff merely states that he "called my mom, Susan Brown[,] to ask her questions about me." (*Id.*)  Clearly, this is factually insufficient to state a viable federal court cause of action against this individual Defendant.

Simply stated, Plaintiff cannot prevail on the facts she has alleged.  *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  Although courts construe *pro se* pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Plaintiff must set forth sufficient factual allegations to establish her cause(s) of action.  Her complaint fails to do so.

Given the lack of factual information Plaintiff's Complaint, Plaintiff has failed to allege sufficient facts to support her potential claims against Defendants, as discussed above.  Plaintiff has also failed to identify the federal statutory basis for her claims.  The Court therefore orders Plaintiff to show cause in writing as to why the Court should not recommend dismissal this action to the District Court for failure to state a claim upon which relief may be granted or Plaintiff may file an

amended Complaint addressing these deficiencies.

**IT IS THEREFORE ORDERED** that Plaintiffs must show good cause in writing to the Court cause within thirty (30) days of receipt of this Order as to why this action should not be dismissed for failure to state a claim upon which relief may be granted or file an amended Complaint addressing these deficiencies.

**IT IS SO RECOMMENDED.**

Dated December 20, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge