IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL,

          Plaintiff,

v.                                                                                 Case No. 24-1227-JWB-BGS

OFFICER ZIMMERMAN (full name unknown),
et al.,

          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court for review of Magistrate Judge Brooks G. Severson's Report and Recommendation ("R&R") (Doc. 10), which recommends that the complaint be dismissed for failure to state a claim and lack of subject matter jurisdiction.

**I.  Facts**

Plaintiff filed her case against Defendants on December 13, 2024, in which she alleges a violation of her civil or equal rights, privileges, or immunities pursuant to 28 U.S.C. § 1343, but Plaintiff does not provide any other specific statutory basis for her claims. (Doc. 1 at 6.) Plaintiff alleges that she attempted to contact police several times regarding what she construes as "a felony mistreatment of a dependent adult which led to [her] son's death" in November 2024. (Doc. 1 at 3.) Her complaint documents several instances of her attempting to contact the police, but no action being taken on her police report. (Doc. 1 at 3–5.) Plaintiff asks this court to "order that these crimes be fully investigated and $15,000 for mental anguish, intentional infliction of emotional distress and punitive damages." (*Id*. at 7.) Along with her complaint, Plaintiff filed a motion to proceed in forma pauperis, which was granted by Magistrate Judge Severson. (Doc. 3,

1

5.)

When a Plaintiff proceeds in forma pauperis, a court may screen the complaint under 28 U.S.C. § 1915(e)(2) to determine if it states a proper claim on which relief may be granted. On December 20, 2024, Magistrate Judge Severson issued a show cause order directing Plaintiff to file an amended complaint or show cause in writing as to why her claims against Defendants should not be dismissed for failure to state a claim upon which relief may be granted. (Doc. 6.) In that order, Magistrate Judge Severson highlighted that Plaintiff had not plead sufficient facts to give Defendants notice of her claims, such as failing to provide the name of the alleged dependent adult in her complaint, why he was classified as dependent, or who mistreated him. (*Id*. at 4.) Moreover, Plaintiff did not provide a statutory basis for her claims. (*Id*. at 4–5.) In response to this order, Plaintiff filed two documents. (Doc. 8, 9.) The first document argued that an administrative law judge, Michael R. Dayton with the Office of Disability Adjudication and Review, improperly denied disability status to her son, Galen Cahail. (Doc. 8 at 1–4.) It goes on to allege that that a disability determination examiner Tony Esparza, along with a Dr. David Braverman and Dr. Leif Leaf, ignored Galen Cahail's medical conditions and, as a result, committed manslaughter. (Doc. 8 at 4–5.) The second document outlines Plaintiff's contacts with the police as she attempted to report Tony Esparza, Dr. Braverman, and Dr. Leaf to the police for a "level 3 person felony." (Doc. 9 at 1.)

Magistrate Judge Severson entered an R&R on February 7, 2025, recommending that the complaint be dismissed since it fails to identify a statutory basis for her claims that would establish subject matter jurisdiction and fails to state a cause of action pursuant to federal law. (Doc. 10.) On February 7, 2025 (the same day as the R&R), Plaintiff filed a document titled "Supplement," which consisted of records from Plaintiff's state criminal case. (Doc. 11.)

**II.     Standard**

A complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court...' ").

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.    Analysis**

As an initial matter, Plaintiff's supplement fails to specifically address Magistrate Judge Severson's ruling.  Rather, the document that she filed appears to be Plaintiff's attempt to add facts about her criminal record, which are unrelated to her complaint regarding a failure to investigate an alleged "felony mistreatment of a dependent adult which led to [Plaintiff's] son's death." (Doc.

1 at 3.)  The court finds that Plaintiff's "Supplement" is not a proper objection to the R&R, and Plaintiff's failure to properly object to any portion of the R&R leaves her with no entitlement to appellate review.  *Williams*, 2019 WL 6167514, at *1.  Accordingly, the court will review Plaintiff's objection under the clearly erroneous or contrary to law standard.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

After reviewing the record, the court liberally construes Plaintiff's claims against Officer Zimmerman, Officer Ortiz, and the Wichita Police Department as being brought under 42 U.S.C. § 1983.  *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam) ("no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim"); s*ee also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority").  This provides the court subject matter jurisdiction to review her claims, even though Plaintiff did not directly cite to this statute.  *Pledger v. Russell*, 702 F. App'x 683, 684 (10th Cir. 2017).

However, even liberally construing the present case as properly filed under 42 U.S.C. § 1983, Plaintiff has failed to show how the named officers and Wichita Police Department violated her rights under the color of law.  As noted above, Plaintiff's response to the show cause order largely relate to the denial of Galen Cahail's alleged disability benefits.  A "section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).  Therefore, the court does not find a

4

clear error in the R&R regarding recommending the case be dismissed for failure to state a claim.

## IV.   Conclusion

For the reasons stated herein, the court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.  The court ADOPTS the factual findings from Magistrate Judge Severson's R&R (Doc. 10) as well as the analysis related to Plaintiff's failure to state a claim for relief, and the complaint is DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

IT IS SO ORDERED.  Dated this 6th day of June, 2025.

                                                        __s/ John W. Broomes_____
                                                        JOHN W. BROOMES
                                                        UNITED STATES DISTRICT JUDGE